IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| CABERNET HOLDINGS, LLC, | ) | Case No. 10-50602 |
| | ) | |
| Debtor | ) | Chapter 11 |
| | ) | |

### MOTION OF NEWBRIDGE BANK FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION

COMES NOW NewBridge Bank (the "Bank"), a secured creditor of Cabernet Holdings, LLC ("Debtor"), by and through its undersigned counsel, and moves the Court for an order granting the Bank relief from the automatic stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code (the "Code"), 11 U.S.C. § 101 et seq., to permit it to exercise its rights and remedies as a secured party, including, but not limited to, its rights to foreclose on real and personal property, or alternatively, to require the Debtor to make adequate protection payments to the Bank. As grounds therefor and in support hereof, the Bank states as follows:

1. Debtor filed a voluntary bankruptcy petition under Chapter 11 of the Code on April 1, 2010 (the "Petition Date"). The petition was signed by Leonard B. Sossamon ("Sossamon") as "Member-Manager" under penalty of perjury.

2. Debtor owns a hotel located at 301 Vineyards Crossing, Lexington, North Carolina (the "Property")

3. Debtor and the Bank (as successor by merger with Lexington State Bank) executed a certain Construction Loan Agreement, dated June 19, 2007, as modified by the Addendum to Loan Documents, dated June 19, 2007 (the "Loan Agreement"), pursuant to which the Bank agreed to make certain loans and advances to Debtor upon the terms and subject to the conditions

contained therein, evidenced by that certain Promissory Note, dated June 19, 2007, as modified by the Addendum to Loan Documents, dated June 19, 2007, in the original principal amount of $6,036,750, executed by Debtor to the order of the Bank (the "First Note").

4. The First Note is secured by a Deed of Trust Securing Future Advances, dated June 19, 2007, recorded in Book 1795, Page 1911 in Office of the Register of Deeds of Davidson County, North Carolina (the "First Deed of Trust"), pursuant to which Debtor encumbered the Property to secure the indebtedness, obligations and liabilities of the Debtor to the Bank under the Loan Agreement, the First Note and the First Deed of Trust. The Bank holds a first priority perfected lien on the Property.

5. The First Note is further secured by an Assignment of Rents, dated June 19, 2007, recorded in Book 1795, Page 1923 in Office of the Register of Deeds of Davidson County, North Carolina (the "First Assignment of Rents"), pursuant to which Debtor encumbered the rents, revenues, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property (the "Rents").

6. The First Note is further secured by a Commercial Security Agreement, dated June 19, 2007 (the "Security Agreement"), pursuant to which the Debtor encumbered all of the personal property in which it has or had an interest (the "Personal Property"). Pursuant to the filing of a UCC Financing Statement naming Debtor as debtor and the Bank as secured party filed in the Office of the Secretary of State of North Carolina on December 28, 2009 bearing file number 20090096927F (the "Financing Statement"), the Bank holds a first priority perfected lien on the Personal Property.

7. On or about September 5, 2008, Debtor executed to the order of the Bank a certain Promissory Note, dated September 5, 2008, in the original principal amount of $619,500 (the "Second Note"; the First Note and the Second Note being collectively called the "Notes").

8. The Second Note is secured by a Deed of Trust Securing Future Advances, dated September 5, 2008, recorded in Book 1884, Page 88 in Office of the Register of Deeds of Davidson County, North Carolina (the "Second Deed of Trust"; the First Deed of Trust and the Second Deed of Trust being collectively called the "Deeds of Trust"), pursuant to which Grantor encumbered the Property to secure the indebtedness, obligations and liabilities of the Grantor to Beneficiary under the Notes, the Deeds of Trust, the Security Agreement and the other loan documents (collectively, the "Obligations"). In addition to the first priority lien on the Property, the Bank also holds a second priority perfected lien on the Property.

9. The Second Note is further secured by an Assignment of Rents, dated September 5, 2008, recorded in Book 1884, Page 100 in Office of the Register of Deeds of Davidson County, North Carolina (the "Second Assignment of Rents"; the First Assignment of Rents and the Second Assignment of Rents being collectively called the "Assignment of Rents"), pursuant to which Debtor further encumbered the Rents from the Property.[1]

10. The payment and performance of the Obligations owing by Debtor to the Bank under the Notes, the Deeds of Trust, the Assignments of Rent, the Security Agreement and the other loan documents were unconditionally guaranteed by Sossamon and Dan A. Boone ("Boone") pursuant to those certain Commercial Guarantees, each dated June 19, 2007.

---

[1] Copies of the Loan Agreement, the First Note, the First Deed of Trust, the First Assignment of Rents, the Security Agreement, the Financing Statement, the Second Note, the Second Deed of Trust and the Second Assignment of Rents were each attached to the Emergency Motion to Excuse Receiver's Compliance with Turnover Provisions of Section 543(a) and (b) of the Bankruptcy Code, filed herein on April 8, 2010, Docket No. 14.

3

11. As a result of Debtor's failure to make monthly payments of principal and interest on the Notes, failure to pay either of the Notes on their respective maturity dates, failure to pay ad valorem taxes on the Property and other defaults, the Bank declared the Notes in default on September 11, 2009 and demanded payment of the Obligations in full.

12. Under the terms and provisions of the Deeds of Trust and the Assignments of Rents, upon default, the Bank had the right, power and authority to (a) institute foreclosure of the Deeds of Trust, (b) take possession of the Property, (c) collect and receive all Rents of the Property and (d) seek the appointment of a receiver to take possession of and protect the Property and to operate the Property and collect the Rents.

13. On January 22, 2010, the Bank filed a Notice of Foreclosure Hearing in Davidson County, North Carolina instituting special proceeding number 10 SP 84 entitled "In the Matter of the Foreclosure of the Deeds of Trust from Cabernet Holdings, LLC" (the "Foreclosure").

14. On January 25, 2010, the Bank instituted an action in the North Carolina Superior Court, Davidson County (the "State Court") entitled "NewBridge Bank vs. Cabernet Holdings, LLC, Dan A. Boone and Leonard B. Sossamon, Jr.", case number 10 CvS 231 (the "Receivership Action") seeking, among other things, money judgments against each of the defendants and seeking the appointment of a receiver.

15. On January 25, 2010, the State Court entered an Ex Parte Order Appointing Temporary Receiver, pursuant to which the Receiver was appointed the receiver for the Property. On February 10, 2010, the State Court entered a Consent Continuance Order, executed by Boone, Sossamon, Debtor and counsel to the Bank, extending the appointment of the Receiver.

16. On February 24, 2010, the Clerk of Superior Court entered an Order Authorizing Foreclosure Sale in the Foreclosure and, pursuant thereto and in accordance with applicable law, a foreclosure sale of the Property was duly held on March 22, 2010. The Bank was the only bidder at the foreclosure sale.

17. On the tenth (10th) day following the filing of the Report of Foreclosure Sale/Resale in the Foreclosure, Debtor filed a voluntary petition.

18. Debtor has made no payments on the First Note since May 12, 2009 and has made no payments on the Second Note since February 26, 2009.

19. As of the Petition Date, the Obligations due and owing under the First Note were $6,543,040.20 plus attorneys' fees and expenses and the Obligations due and owing under the Second Note were $665,282.18 plus attorneys' fees and expenses.

20. The Debtor's failure to make the payments under the Notes in accordance with their respective, the Debtor's failure to pay the Obligations in full on their maturity date and the Debtor's breach of various representations and warranties in the Notes and the Deeds of Trust entitle the Bank to relief from the automatic stay for cause pursuant to § 362(d)(1) of the Code.

21. Cause exists for the requested relief from the automatic stay because the Bank's interest in the Property and the Personal Property is not being adequately protected. The Debtor has not offered, and can not offer, adequate protection of the Bank's interests in the Property and the Personal Property .

22. There is not sufficient available cash with which the Debtor can preserve and protect the Property and the Personal Property and make any regular payments to the Bank. As of March 31, 2010, the day before the Petition Date, William P. Miller, the state court appointed

5

receiver of the Property, reports that $123,249.16 was in the receiver's bank account for this matter. However, the per diem interest on the First Note is $1,006.13 and on the Second Note is $101.84, which would aggregate approximately $33,240 per month in interest payments alone.

23. Debtor currently owes approximately $75,000 in ad valorem taxes for 2009.

24. Expected revenues from the Property, while increasing, are speculative and in the past Debtor has had sufficient funds to pay only its current operating expenses.

25. Therefore, the Bank is entitled to relief from the automatic stay pursuant to § 362(d)(1) of the Code.

26. The Debtor has no equity in the Property or the Personal Property and the Property or the Personal Property is not necessary to an effective reorganization.

27. The estimated fair market value of the Property and the Personal Property is $4.5 million to $4.8 million. This value is substantially less than the amount of the Obligations.

28. Debtor has no prospects of refinancing the Obligations owing by Debtor to the Bank and, without any source of financing, any attempt by Debtor to obtain confirmation of a plan of reorganization will be futile.

29. Debtor cannot propose a plan of reorganization that satisfies the confirmation standards of § 1129 of the Code. Under § 1129 of the Code a chapter 11 plan may be confirmed if either (a) all impaired classes vote in favor of the plan or (b) it is "crammed down" and approved over the objections of an impaired class. Based on the economic realities of this case, Debtor will be unable to propose any chapter 11 plan of reorganization that meets these requirements and its case, is therefore, objectively futile.

6

30. As it is likely the Bank will dominate the class of unsecured creditors of Debtor, it will be impossible for Debtor to receive the necessary two-thirds vote from the surely impaired unsecured class necessary for plan confirmation.

32. Therefore, the Bank is entitled to relief from the automatic stay pursuant to § 362(d)(2) of the Code.

33. With respect to the issues to be considered by this Court under § 362(d) of the Code, § 362(g) of the Code places the burden of proof on any party opposing relief from the automatic stay. Under § 362(g) of the Code, the party opposing relief bears the burden of proof on "all … issues" other than "the issue of the Debtor's equity in property." Thus, so long as the Bank has presented a prima facie case of "cause", the burden has now passed to any party opposing relief to prove that no cause exists.

34. If the Bank is not permitted to exercise its rights and remedies under the Notes and Deeds of Trust, the Bank will suffer irreparable harm.

35. Sufficient cause exists to waive the requirements of Fed. R. Bankr. P. 4001(a)(3), thereby giving full force and effect to the Order upon entry by the Court.

WHEREFORE, the Bank respectively requests that this Court:

1. Enter an Order pursuant to 11 U.S.C. § 362(d)(1) or (d)(2) modifying the automatic stay to permit the Bank to enforce its rights against the Property and the Personal Property, including, but not limited to, its rights to complete its foreclosure of the Property and to foreclose its interests in the Personal Property;

2. Alternatively, enter an order requiring Debtor to make adequate protection payments to the Bank to protect its interests in the Property and the Personal Property;

3. Enter an Order waiving the requirements of Fed. R. Bankr. P. 4001(a)(3), thereby giving full force and effect to the Order upon entry by the Court; and

4. Enter an Order granting the Bank such other and further relief as the Court deems just and proper.

This the 20th day of April. 2010

CARRUTHERS & ROTH, P.A.

*/s/ June L. Basden*
June L. Basden, Esq.
NC State Bar No. 13416
235 North Edgeworth Street (zip code 27401)
P. O. Box 540
Greensboro, NC 27402
Telephone: 336-478-1122; Facsimile: 336-478-1113
Email: jlb@crlaw.com

Attorneys for NewBridge Bank

CERTIFICATE OF SERVICE

    This is to certify that the foregoing **MOTION OF NEWBRIDGE BANK FOR RELIEF FROM THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR ADEQUATE PROTECTION** was served by mailing a copy thereof by first-class mail to the following:

Cabernet Holdings, LLC
11 Union St. South, Suite 300
Concord, NC  28025

Brian Hayes
P. O. Box 444
Concord, NC  28026-0444

Michael D. West
United States Bankruptcy Administrator
P. O. Box 1828
Greensboro, NC  27402

Terri L. Gardner
Nelson Mullins Riley & Scarborough LLP
GlenLake One, Suite 200
4140 Parklake Ave.
Raleigh, NC  27612

American Hotel
16458 Collections Center Dr.
Chicago, IL  60693

Amsan
P. O. Box 404468
Atlanta, GA  30384

Davidson County Tax Collector
P. O. Box 1577
Lexington, NC  27293

EG Forest
P. O. Box 228
Winston Salem, NC  27102

Elevator Technical Service
P. O. Box 25305
Charlotte, NC  28229

Fairway Outdoor Advertising
P. O. Box 60125
Charlotte, NC  28260

Guest Supply Inc
P. O. Box 910
Monmouth Junction, NJ  08852

Hospitality Direct
6567 South US Hwy 1
Rockledge, FL  32955

Infomart
1582 Terrell Mill Rd. SE
Marietta, GA  30067

Intercontinental Hotel Group
P. O. Box 101074
Atlanta, GA  30392

Paul Wilson
3312 Windsor Dr.
Charlotte, NC  28201

Royal Cup
P. O. Box 170971
Birmingham, AL  35217

S&S Office
P. O. Box 13152
Atlanta, GA  30324

Serta Mattress
P. O. Box 403460
Atlanta, GA  30384

Sign Management
2501 Perimeter Place Dr.
Nashville, TN  37214

Tim Henderson
7138 S. NC Highway 150
Lexington, NC  27295

TriState Tech & TLC Equipment
P. O. Box 1259
Waycross, GA  31502

US Foods
125 Fort Mill Pkwy
Fort Mill, SC  29715

Womble Carlyle
2100 Wachovia Capital Center
150 Fayetteville St.
Raleigh, NC  27601

F. Lane Williamson
Garlitz & Williamson, PLLC
212 South Tryon Street, Suite 930,
Charlotte, NC 28281

This 20th day of April, 2010.

*/s/ June L. Basden*
June L. Basden, Esq.
North Carolina State Bar No. 13416