UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

In re: )
)
CABERNET HOLDINGS, LLC, ) Case No. 10-50602 C-11W
)
      Debtor   )

## MOTION OF BANKRUPTCY ADMINISTRATOR
## FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

   NOW COMES the U.S. Bankruptcy Administrator (the "BA") and moves the Court for appointment of a Chapter 11 trustee. In support of this Motion, the undersigned respectfully shows unto the Court as follows:

   1.  The Debtor, Cabernet Holdings, LLC ("Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code in this Court on April 1, 2010.

   2.  Grounds exist under 11 U.S.C. § 1104(a)(2) and under § 1104(a)(3) for appointment of a Chapter 11 trustee in this case.

### Section 1104(a)(2)

   3.  The appointment of a Chapter 11 trustee is in the best interest of the estate and creditors, pursuant to § 1104(a)(2).

   4.  William P. Miller was appointed by the state court as Receiver for the property of the Debtor prior to the filing of this bankruptcy case and has been allowed by this Court to remain in possession and control of the property temporarily, through May 18, 2010. Contemporaneously

herewith, the BA has filed an Objection to the Motion of NewBridge Bank (the "Bank") to Excuse the Receiver from Turnover Provisions of the Code, primarily because the Receiver was appointed at the request of the Bank and cannot serve the needs of the creditors and the estate while serving the interests of the Bank.

5. If the BA's Objection is granted and the Receiver is removed, the Debtor and the estate will need someone to:

(a) direct and oversee the activities and operations of the Debtor, including its property manager;

(b) attempt to increase occupancy and revenues to a level that will cover not only operating expenses, but payments to the Bank as well;

(c) develop a realistic budget for the Debtor and its property manager;

(d) gather any information available regarding the value of the property or, as may be necessary, request authority to employ an appraiser; and

(e) ensure the timely administration of this case, including the filing of all required reports, payment of quarterly fees, formulation of a plan and disclosure statement, and other tasks necessary to a reorganization.

6. The BA is not confident that the Debtor can accomplish the tasks above and other management and reorganization functions without a consultant or other professional assistance in addition to the current property manager, in a manner sufficient to timely comply with the rules and to raise revenues. For these reasons, the appointment of a Chapter 11 trustee appears to be in the best interest of the estate and creditors.

### Section 1104(a)(3)

7. Under § 1104(a)(3), the court must order the appointment of a Chapter 11

2

Case 10-50602    Doc 51    Filed 05/18/10    Page 2 of 4

trustee if grounds exist to convert or dismiss the case under § 1112 but the court determines that appointment of a trustee or examiner is in the best interests of the estate and creditors.

8. Grounds under § 1112(b)(4) that may constitute "cause" at this time are:

(a) the Debtor's failure to timely file schedules, although the schedules have since been filed on May 14, 2010 [subsection (F)];

(b) the Debtor's failure to timely file a Rule 2015.3 disclosure [subsection (F)]; and

(c) the Debtor's failure to comply with paragraph 13 of the Court's Operating Order of April 2, 2010, disclosing any prepetition and postpetition retention and compensation of Debtor's members, including benefits and perquisites [subsection (E)].[1]

9. To the extent that these or further grounds for conversion or dismissal of this case are found to exist, the appointment of a Chapter 11 trustee is in the best interest of the estate and creditors. There may be other assets as to which the Bank does not hold a security interest, and neither the Debtor nor the Bank seem to know what the value of the real property is, although all of the parties appear to want the property and to want the hotel on the property to remain in operation and in possession of the franchise flag.

10. The property of the estate, which may include unencumbered assets, should not be effectively abandoned to the largest creditor in the case, the Bank, by a dismissal of the case, until a determination has been made as to value of the hotel property and the value of assets which may not constitute the Bank's collateral.

11. In the event that the trustee's investigation and report reveals that the property cannot operate to cover both expenses and payments to the Bank, or that reorganization is not likely,

---

[1] The BA realizes that nothing may have been paid to the principals of the Debtor, at least since a Receiver has been in possession and control of the property, but the Debtor is required to file a disclosure nonetheless, to inform the Court and parties-in-interest in this regard.

3

then the Chapter 11 trustee can recommend conversion to Chapter 7.

12. For the reasons set forth above, the BA recommends the appointment of a Chapter 11 trustee in this case.

WHEREFORE, the BA respectfully requests that a Chapter 11 trustee be appointed, and for such further relief as the Court may deem just and proper.

This the 17st day of May, 2010.

MICHAEL D. WEST
U.S. BANKRUPTCY ADMINISTRATOR

By /s/ Robyn R. C. Whitman
Robyn R. C. Whitman
State Bar No. 16325
P.O. Box 1828
Greensboro, NC 27402
(336) 358-4170

CERTIFICATE OF SERVICE

This is to certify that the foregoing document was served upon the following parties or counsel by electronic means (via CM/ECF, if registered) or by depositing a copy in the United States mail, first class, postage prepaid, addressed as follows:

Brian P. Hayes, Esq.

William P. Miller, Esq.

June L. Basden, Esq.

Terri L. Gardner, Esq.

DATED: May 17, 2010.

/s/ Robyn R. C. Whitman
Robyn R. C. Whitman

4