```
            UNITED STATES BANKRUPTCY COURT
          MIDDLE DISTRICT OF NORTH CAROLINA
                WINSTON-SALEM DIVISION
```

IN RE:                          )
                                )
Cabernet Holdings, LLC,         )   Case No. 10-50602C-11W
                                )
        Debtor.                 )
                                )

## OPINION AND ORDER

This case came before the court on June 15, 2010, for hearing on the motion by NewBridge Bank to dismiss or convert the bankruptcy case. June L. Basden appeared on behalf of NewBridge Bank, Brian P. Hayes appeared on behalf of the Debtor, Terri L. Garner appeared on behalf of Dan A. Boone, Lieb M. Lerner appeared on behalf of Holiday Hospitality Franchising, Inc., William P. Miller appeared as state court appointed receiver, and Robyn C. Whitman appeared on behalf of the United States Bankruptcy Administrator. Having considered the Motion, the record before the court and the arguments of counsel, the court has concluded that the Motion should be granted and the case dismissed as provided by this order.

Debtor filed a voluntary bankruptcy proceeding under Chapter 11 of the United States Bankruptcy Code on April 1, 2010 in the Middle District of North Carolina. Debtor is a North Carolina limited liability company whose principal asset is a hotel situated in Lexington, North Carolina. The company is owned by Leonard B. Sossamon and Dan A. Boone, each as a 50% member-manager of the LLC. The petition was signed by Mr. Sossamon as a Member-Manager.

NewBridge Bank holds promissory notes secured by substantially all of the Debtor's real and personal property. On April 20, 2010, NewBridge filed the instant motion to dismiss this case, or in the alternative convert it to chapter 7, alleging that the case had been filed without the consent of Mr. Boone, as required under the company's Operating Agreement. The parties do not dispute that Mr. Boone did not expressly authorize the petition. Furthermore, Mr. Boone filed a pleading with this court on June 10, 2010, in which he supported dismissal of the case.

At an earlier hearing on this motion, held May 18, 2010, the Debtor raised the issue of whether NewBridge Bank, as a creditor, had standing to move for dismissal on grounds of a defect in authority to file the petition, or whether only other members of the limited liability company had such standing. Prior to the June 15, 2010 hearing, Mr. Boone filed a responsive pleading supporting the motion to dismiss. As it is undisputed that Mr. Boone has standing to challenge authority to file the petition, his joining in support the motion resolves any issue of standing.[1]

---

[1] Cases are split as to whether a creditor has standing to raise an issue of proper authorization to file on behalf of a legal entity. See, e.g., In re Orchard at Hansen Park, LLC, 347 B.R. 822, 825-26 (Bankr. N.D. Tex. 2006) (finding standing); In re Gucci, 174 B.R. 401, 412 (Bankr. S.D.N.Y. 1994) (standing depends on creditor's stake in case); In re Giggles Restaurant, Inc., 103 B.R. 549, 555-56 (Bankr. D. N.J. 1989) (standing not limited to shareholders and directors). But see, In re Sterling Mining Co., No. 09-20178, 2009 WL 2475302 (Bankr. D. Idaho Aug. 11, 2009) (creditor lacks standing); In re Southwest Equipment Rental, 152 B.R. 207 (Bankr. E.D. Tenn. 1992) (same). Some courts would permit

Under the North Carolina Limited Liability Company Act, management is vested jointly in all members unless provided otherwise in the company's articles of organization or written operating agreement. N.C. Gen. Stat. § 57C-3-20 (2009). The Debtor's Operating Agreement provides for this member-managed governance structure, as set out in paragraph 3.1:

> Each Member of the Company, by virtue of its status as a Member, shall also be a manager of the Company for all purposes. Except as otherwise expressly provided in this Agreement, the Articles of Organization or the [North Carolina Limited Liability Company Act], all decisions with the management of the business and affairs of the Company shall be made by action of a Majority in Interest of the Members taken at a meeting or evidenced by a written consent executed by a Majority in Interest of the Members. . . . The Members may delegate responsibility for the day-to-day management of the Company to any individual Member or other Person who shall have and exercise on behalf of the Company all powers and rights necessary or convenient to carry out such management responsibilities.

The filing of a bankruptcy petition is not the subject of any exception, is beyond day-to-day management, and therefore requires "action of a Majority in Interest of the Members." As the two members each hold a 50% interest, a majority can be obtained only by consent of both members. Accordingly, a bankruptcy petition is unauthorized under the Operating Agreement unless approved by both

---

standing, but examine the creditor's motives. See, e.g., In re John Hicks Chrysler-Plymouth, Inc., 152 B.R. 503, 510 (Bankr. E.D. Tenn. 1992).

Mr. Sossamon and Mr. Boone. Here, Mr. Boone has not assented to the petition, and it is therefore unauthorized under the operating agreement and under state LLC law.

Under the facts of this case, the necessary result of such an unauthorized petition is dismissal. State law determines who has authority to institute a bankruptcy proceeding on behalf of a legal entity, and "where authority under local law is found lacking, the court 'has no alternative but to dismiss the petition.'" Hager v. Gibson, 108 F.3d 35, 39 (4th Cir. 1997) (quoting Price v. Gurney, 324 U.S. 100, 106 (1945)); In re J&J Property Holdings, LLC, No. 03-34667, 2004 WL 5463804, at *2 (Bankr. W.D.N.C. Jan. 20, 2004) (dismissing where member had inadequate authority to act on behalf of LLC); see also In re Audubon Quartet, Inc., 275 B.R. 783, 788 (Bankr. W.D. Va. 2002) (dismissing unless board ratifies act of filing within 25 days).

Mr. Boone's opposition to continuing in the bankruptcy case also raises the specter of a deadlocked Debtor-in-Possession. As another court noted, a deadlocked company "would not be able to function as a Debtor-in-Possession, file a Disclosure Statement and propose a Plan of Reorganization." In re Bel-Aire Investments, Inc., 97 B.R. 88, 90 (Bankr. M.D. Fla. 1989). As such, the prompt dismissal based on lack of authority to file serves to halt continuation of an unworkable case.

It is, therefore, ORDERED that NewBridge Bank's motion to

dismiss is hereby granted and this case be and hereby is dismissed pursuant to 11 U.S.C. § 1112(b).

This 21st day of June, 2010.

*William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

June L. Basden, Esq.
P.O. Box 540
Greensboro, NC 27402

Lieb M. Lerner, Esq.
333 S. Hope Street, 16th Floor
Los Angeles, CA 90071

Brian Hayes, Esq.
P.O. Box 444
Concord, NC 28026-0444

Terri L. Gardner, Esq.
P.O. Box 30519
Raleigh, NC 27622

William P. Miller, Esq.
P.O. Box 1550
High Point, NC 27261

Michael D. West, Bankruptcy Administrator